IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES DYE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cv-04021-MDH |
| BRIAN KINKADE, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Temporary Restraining Order (Doc. 59). After careful review of the briefs and exhibits submitted by the parties, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order.

### I. BACKGROUND

Plaintiff is a licensed dentist practicing in Springfield, Missouri who provides dental services primarily to Medicaid recipients. Plaintiff commenced this lawsuit against Brian Kinkade, the director of the Missouri Department of Social Services, in his official capacity, and against other state officials in their official and individual capacities. Plaintiff alleges Defendants acted contrary to state and federal law by promulgating and following an allegedly unauthorized dental manual that disallows coverage and reimbursement for denture-related claims for certain eligible adults. Plaintiff alleges Defendants further violated Plaintiff's First Amendment rights by retaliating against Plaintiff for speaking out against Defendants' allegedly unlawful policies and procedures.

Most relevant here are Plaintiff's First Amendment retaliation claims. The Amended Complaint alleges that Plaintiff contested Defendants' policies through repeated requests for

1

reimbursement and through administrative and judicial proceedings challenging Defendants' allegedly unlawful policies and procedures. The Amended Complaint alleges Defendants retaliated against Plaintiff by instituting 100% prepayment review of all of Plaintiff's claims; by denying denture claims submitted by Plaintiff; by failing/refusing to submit to timely process denture claims filed by Plaintiff; by auditing Plaintiff; by auditing Plaintiff's former employees and giving them less than 24 hours' notice to audit 500 former patient files; and by suspending Plaintiff's Medicaid Provider Number. The Amended Complaint seeks injunctive relief barring Defendants from retaliating against Plaintiff for exercising his First Amendment right to challenge and contest Defendants' allegedly illegal procedures; barring Defendants from sanctioning or limiting Plaintiff's ability to participate as a Title XIX provider and submit claims for payment of Medicaid dental services; and barring Defendants from implementing the new dental manual.

Plaintiff has now filed a motion for temporary restraining order. On August 29, 2014, Defendants mailed Plaintiff a letter informing Plaintiff that Defendants were terminating Plaintiff's participation in the MO HealthNet program and terminating Plaintiff's MO HealthNet provider numbers, effective in thirty (30) days. Plaintiff appealed that decision to the Administrative Hearing Commission (AHC), pursuant to Mo. Rev. Stat. § 208.156, and the AHC granted Plaintiff a stay of termination. Defendants have now asked the Commissioner for a removal of that stay. The Commissioner has scheduled a hearing on Plaintiff's termination appeal for Monday, November 16, 2015 at 9:00 a.m. According to an affidavit submitted by Jim Arneson – Plaintiff's attorney in the AHC proceedings – the Commissioner stated during a telephone conference that she is inclined to lift the stay of termination; however, as stated by Defendants, no decision on the stay has been made at this time and the Commissioner has

granted Plaintiff additional time to file any written response or evidence for the AHC to consider in ruling on Defendants' motion to lift the stay.  Plaintiff now requests immediate relief from this Court "to enjoin Defendants from continuing to retaliate against Plaintiff for exercising his right to free speech by terminating Plaintiff's NPI number, which would effectively prevent Plaintiff from working as a dentist in Missouri."  Plaintiff requests an order enjoining Defendants from terminating Plaintiff's NPI number, thereby preserving the status quo, until a full hearing on the merits of Plaintiff's claims in this case can be heard and ruled on.

## II.  STANDARD

The Eighth Circuit has summarized the factors required to determine whether a temporary restraining order should issue pursuant to Federal Rule of Civil Procedure 65:

> In sum, whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981); *see generally Prudential Ins. Co. of Am. v. Inlay*, 728 F. Supp. 2d 1022, 1028 (N.D. Iowa 2010) ("it is well-settled in this circuit that applications for preliminary injunctions and temporary restraining orders are generally measured against the same factors").  No single factor is determinative in balancing the equities.  *Dataphase,* 640 F.2d at 113.  The burden of establishing the necessity of a temporary restraining order is on the movant.  *See Nokota Horse Conservancy, Inc. v. Bernhardt*, 666 F. Supp. 2d 1073, 1077 (D.N.D. 2009) (citing *Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994)).

3

### III. DISCUSSION

Upon review and consideration, the Court finds Plaintiff has failed to meet his burden to establish the necessity of a temporary restraining order. Accordingly, the Court denies Plaintiff's motion for temporary restraining order.

#### A. *Younger* Abstention

Defendants argue the *Younger* abstention doctrine applies in this federal case such that the Court should abstain from exercising jurisdiction over Plaintiff's motion for temporary restraining order. The Eighth Circuit has described the *Younger* abstention doctrine as follows:

> The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions. *See Younger*, 401 U.S. at 54, 91 S.Ct. 746. The Supreme Court later extended *Younger* abstention to state noncriminal judicial proceedings, including administrative proceedings, if the proceeding: (1) involves an ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

*Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).

A recent case demonstrates the application of *Younger* abstention doctrine. In *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674 (8th Cir. 2013), the Commission brought an administrative enforcement action against plaintiff, a political action committee, alleging that it failed to file reports and other documentation as required. *Id.* at 676. In response, plaintiff filed a federal lawsuit against the Commission alleging the Commission's enforcement action violated the First Amendment and seeking a preliminary injunction. *Id.* After ordering argument on the issue of abstention, Judge Laughrey elected to abstain from hearing plaintiff's claims under *Younger* and dismissed the case. *Id.* On appeal the Eighth Circuit affirmed Judge Laughrey's decision to abstain. *Id.* at 680. The parties stipulated that the first two *Younger* factors were met

4

and the Court found that plaintiff failed to establish it did not have an adequate opportunity to raise its constitutional claims through the Missouri administrative process. *Id.* at 679. The Court noted that "Missouri allows for judicial review of final administrative decisions" and "Missouri's statutory framework provides that the scope of judicial review includes analyzing whether the agency's action constituted a violation of constitutional provisions." *Id.* (citing Mo. Rev. Stat. §§ 536.100, 536.140(2)(1). The Court struck down plaintiff's argument that the case involved an exception to the *Younger* doctrine merely because it concerned the First Amendment. *Id.* 679-80. In sum, the Eighth Circuit found the plaintiff failed to meet its burden to show it could not adequately raise its constitutional issues in Missouri's administrative proceedings or that an exception to the *Younger* abstention doctrine applied; accordingly, the Court affirmed the district court's decision to abstain.

The Court finds the *Younger* abstention doctrine applies equally to this case. First, there is clearly an ongoing state administrative proceeding. In that administrative proceeding, Plaintiff is contesting Defendants' termination Plaintiff's participation in the MO HealthNet program and the termination of Plaintiff's provider numbers. Second, the ongoing state administrative proceeding implicates the state's important interests in administering its Medicaid program and protecting the program from fraud and waste. Third, as discussed in *Geier*, *supra*, Plaintiff has an adequate opportunity to raise his First Amendment retaliation challenges in the state administrative proceedings and associated state case upon judicial review. Accordingly, the *Younger* abstention doctrine applies and the Court will abstain from hearing Plaintiff's motion.

### B. *Dataphase* Factors

Furthermore, even if the Court were to accept jurisdiction over Plaintiff's motion, Plaintiff has failed to establish the necessity of a temporary restraining order under *Dataphase*.

5

First, Plaintiff has failed to show a threat of irreparable harm.  Plaintiff has not demonstrated any certain, imminent injury that is likely to occur if the Court does not grant a temporary restraining order; rather, Plaintiff will still have the opportunity to present his arguments to the Commissioner and the Commissioner will decide whether to continue the stay.  If the Commissioner opts to lift the stay, she will then hear evidence and argument related to the propriety of Defendants' termination of Plaintiff's benefits.  Even assuming the Commissioner does issue a termination decision adverse to Plaintiff on Monday, Plaintiff has the ability to appeal that decision to a Missouri Circuit Court and seek another stay of termination or other injunctive relief.  Accordingly, the Court finds Plaintiff has failed to meet his burden to show irreparable harm.  Second, Plaintiff has presented insufficient evidence and argument to show that he is likely to proceed on the merits of his First Amendment retaliation claims.  Plaintiff's affidavits do not demonstrate that termination of Plaintiff's provider numbers was the result First Amendment retaliation.  To the contrary, Defendant presents strong evidence that Plaintiff's termination is, in fact, the result of public complaints and audit/investigation results that show Plaintiff violated Medicaid rules repeatedly and in numerous different ways.  In light of these two factors, Plaintiff has failed to meet his burden to show this Court that a temporary restraining order should issue.

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Temporary Restraining Order (Doc. 59) is hereby **DENIED.**

**IT IS SO ORDERED.**

Date:  November 13, 2015         　　　　　　　　　 _/s/ Douglas Harpool_____
　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**